Receipt number 9998-5144054

### IN THE UNITED STATES COURT OF FEDERAL CLAIMS

|  |  |  |
|---|---|---|
| **TONY ROWE,** | ) | |
| **ALIEU JALLOW,** | ) | |
| **KARLETTA BAHE,** | ) | |
| **JOHNNY DURANT,** | ) | |
| **JESSE A. McKAY III,** | ) | |
| **GEORGE DEMARCE,** | ) | |
| **JACQUIE DEMARCE,** | ) | |
| **Plaintiffs,** | ) | |
| **v.** | ) | |
| | ) | **19-67 C** |
| | ) | **Case No. _____** |
| **THE UNITED STATES OF AMERICA,** | ) | **Collective Action** |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

---

### COMPLAINT

---

COME NOW Plaintiffs **Tony Rowe, Alieu Jallow, Karletta Bahe, Johnny Durant, Jesse A. McKay, III, George DeMarce,** and **Jacquie DeMarce,** on behalf of themselves and on behalf of all others who are similarly situated, and bring this Complaint pursuant to the Fair Labor Standards Act (29 U.S.C. § 201 et seq.). Plaintiffs and those similarly situated are all bargaining unit employees or were bargaining unit employees of the Federal Indian Service Employees Union ("FISE"), working for the Bureau of Indian Affairs, Bureau of Indian Education, or the Office of the Secretary/Office of the Special Trustee for American Indians at all

1

relevant times during the partial government shutdown and lapse of appropriations that began on December 22, 2018 and that is ongoing as of the date of the filing of this Complaint.   Plaintiffs and those similarly situated, all of whom are "excepted" or "essential" employees for purposes of the ongoing shutdown and furlough, have been required to work without timely pay and/or without overtime pay because of the lapse in appropriations since December 22, 2018.   They are entitled to all unpaid wages and overtime, liquidated damages, and interest.   In further support of their Complaint, Plaintiffs allege as follows:

## PARTIES

1.      Plaintiff Tony Rowe is, and was at all relevant times, employed as a corrections officer for the Department of Interior, Bureau of Indian Affairs.  Since December 22, 2018 through the date of filing of this Complaint, he has been required to work all of his regularly scheduled work days, which comprises 80 hours of work per pay period, and has worked over 30 hours of overtime during the same time frame.  Mr. Rowe has not been compensated for any of his work since the shutdown began.  On January 11, 2019, Mr. Rowe's paycheck for the pay period ending January 5, 2019 was issued showing a payment amount of 0.00.  Pursuant to 29 U.S.C. § 216(b), Mr. Rowe has provided his written consent to be a party plaintiff.  That written consent is appended to this Complaint.

2.      Plaintiff Aliu Jallow is, and was at all relevant times, employed as a corrections officer for the Department of Interior, Bureau of Indian Affairs.  Since

December 22, 2018 through the date of filing of this Complaint, he has been required to work all of his regularly scheduled work days and has worked over 70 hours of overtime during the same time frame. Mr. Jallow has not been compensated for any of his work since the shutdown began. Pursuant to 29 U.S.C. § 216(b), Mr. Jallow has provided his written consent to be a party plaintiff. That written consent is appended to this Complaint.

3. Plaintiff Karletta Bahe is, and was at all relevant times, employed as a corrections officer for the Department of Interior, Bureau of Indian Affairs. Since December 22, 2018 through the date of filing of this Complaint, she has been required to work all of her regularly scheduled work days and has worked overtime during the same time frame. Ms. Bahe has not been compensated for any of her work since the shutdown began. Pursuant to 29 U.S.C. § 216(b), Ms. Bahe has provided his written consent to be a party plaintiff. That written consent is appended to this Complaint.

4. Plaintiff Johnny Durant is, and was at all relevant times, employed as a police officer for the Department of Interior, Bureau of Indian Affairs. Since December 22, 2018 through the date of filing of this Complaint, he has been required to work all of his regularly scheduled work days and has worked overtime during the same time frame. Mr. Durant has not been compensated for any of his work since the shutdown began. Pursuant to 29 U.S.C. § 216(b), Mr. Durant has

provided his written consent to be a party plaintiff. That written consent is appended to this Complaint.

5.      Plaintiff Jesse K. McKay, III is, and was at all relevant times, employed as a corrections officer for the Department of Interior, Bureau of Indian Affairs. Since December 22, 2018 through the date of filing of this Complaint, he has been required to work all of his regularly scheduled work days and has worked overtime during the same time frame. Mr. McKay has not been compensated for any of his work since the shutdown began. Pursuant to 29 U.S.C. § 216(b), Mr. McKay has provided his written consent to be a party plaintiff. That written consent is appended to this Complaint.

6.      Plaintiff George DeMarce is, and was at all relevant times, employed as a corrections officer for the Department of Interior, Bureau of Indian Affairs. Since December 22, 2018 through the date of filing of this Complaint, he has been required to work all of his regularly scheduled work days and has worked overtime during the same time frame. Mr. DeMarce has not been compensated for any of his work since the shutdown began. Pursuant to 29 U.S.C. § 216(b), DeMarce has provided his written consent to be a party plaintiff. That written consent is appended to this Complaint.

7.      Plaintiff Jacquie DeMarce is, and was at all relevant times, employed as a corrections officer for the Department of Interior, Bureau of Indian Affairs. Since December 22, 2018 through the date of filing of this Complaint, she has been

required to work all of his regularly scheduled work days and has worked overtime during the same time frame.  Ms. DeMarce has not been compensated for any of her work since the shutdown began.  Pursuant to 29 U.S.C. § 216(b), DeMarce has provided her written consent to be a party plaintiff.  That written consent is appended to this Complaint.

8.    Defendant, the United States of America, is an "employer" and a "public agency" as those terms are used in 29 U.S.C. § 203(d) & (x).

## JURISDICTION

9.    This Court has jurisdiction and venue in this case under 28 U.S.C. § 1491(a)(1) as a "claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department . . . not sounding in tort."

## GENERAL ALLEGATIONS

10.    Since December 22, 2018, starting at 12:01 a.m., Defendant the United States has been partially shut down and appropriations have lapsed to fund various agencies.  The Bureau of Indian Affairs, Bureau of Indian Education, or the Office of the Secretary/Office of the Special Trustee for American Indians are all affected agencies and have experienced a lapse in their appropriations.

11.    As a result of the shutdown, hundreds of thousands of federal employees, including thousands of the employees of the above-referenced agencies,

have been furloughed and prohibited from working until appropriations are restored.

12.   Certain employees deemed "essential" or "excepted," however, have been required to continue working throughout the shutdown.   These "excepted" or "essential" employees are deemed so pursuant to the Anti-Deficiency Act, which provides: "An officer or employee of the United States Government or of the District of Columbia government may not accept voluntary services for either government or employ personal services exceeding that authorized by law except for emergencies involving the safety of human life or the protection of property." 31 U.S.C. § 1342.   The Executive Branch is authorized to require "excepted" or "essential" employees to work during lapses in appropriations.

13.   Plaintiffs and those similarly situated are all covered employees under the Fair Labor Standards Act and have been deemed "excepted" or "essential" pursuant to the Anti-Deficiency Act.   As a result, they have been required to work throughout the furlough and have not been paid their regular wages and/or earned overtime in a timely fashion.   They continue to work without regular pay and/or overtime pay.

14.   The Fair Labor Standards Act guarantees to all covered employees the on-time payment of a minimum wage in addition to overtime pay for all wages earned.   Furthermore, pursuant to the Fair Labor Standards Act, if a covered employee works and earns regular or overtime wages and is not paid those wages

on the covered employee's regularly scheduled paycheck, then a violation of the Fair Labor Standards Act has occurred.

15. Since December 22, 2018, Plaintiff Jallow has been working his regular schedule, in addition to approximately 70 hours of overtime this pay period, without pay for all hours worked from December 22, 2018 to date. Plaintiff Jallow worked overtime on December 22, 2018 and has not been paid for it to date. Plaintiff Jallow worked the entire pay period from December 23, 2018 to January 5, 2019, and has worked the following pay period as well Plaintiff Jallow has continued to work, has not been paid for work performed on December 22, 2018, and anticipates that he will not be paid on time for any of these wages or the wages which will become due for subsequent pay periods. The lack of pay has been a hardship on his and his family, and he has struggled to keep up on his expenses. For the pay period ending January 5, 2019, of which he worked the full 80 hours in addition to overtime, he received a paycheck stub reflecting $0.00 as payment.

16. Since December 22, 2018, Plaintiff Tony Rowe has worked full time (80 hours per pay period), in addition to overtime, and has not been paid on time for regular or overtime wages for that work. Mr. Rowe is facing collection actions from creditors and has spent hours seeking extensions because he is not receiving his earned wages and overtime and therefore cannot meet his financial obligations.

17. Since December 22, 2018, Plaintiff Karletta Bahe has worked full time (80 hours per pay period), in addition to overtime, and has not been paid on time

for regular or overtime wages for that work.  She is facing hardship because she is not receiving her earned wages and overtime and therefore cannot meet her financial obligations.

18.     Since December 22, 2018, Plaintiff Johnny Durant has worked full time (80 hours per pay period), in addition to overtime, and has not been paid on time for regular or overtime wages for that work.  He is facing financial hardship because he is not receiving his earned wages and overtime and therefore cannot meet his financial obligations.

19.     Since December 22, 2018, Plaintiff Jesse A. McKay, III,  has worked full time (80 hours per pay period), in addition to overtime, and has not been paid on time for regular or overtime wages for that work.  He is facing financial hardship because he is not receiving his earned wages and overtime and therefore cannot meet his financial obligations.

20.     Since December 22, 2018, Plaintiff George DeMarce has worked full time (80 hours per pay period), in addition to overtime, and has not been paid on time for regular or overtime wages for that work.  He is facing financial hardship because he is not receiving his earned wages and overtime and therefore cannot meet his financial obligations.

21.     Since December 22, 2018, Plaintiff Jacquie DeMarce has worked full time (80 hours per pay period), in addition to overtime, and has not been paid on time for regular or overtime wages for that work.  She is facing financial hardship

because she is not receiving his earned wages and overtime and therefore cannot meet her financial obligations.

22.     The Government shut down is ongoing as of January 14, 2019, and there are no indications of a resolution.

23.     For the pay period immediately preceding the filing of this lawsuit, Plaintiffs and those similarly situated received paystubs indicating they were paid $0.00 for all regular hours and overtime worked for that pay period.

24.     In one public setting, President Trump expressed: "I am proud to shut down the government for border security, Chuck, because the people of this country don't want criminals and people that have lots of problems and drugs pouring into our country. So I will take the mantle. I will be the one to shut it down. I'm not going to blame you for it. The last time you shut it down, it didn't work. I will take the mantle of shutting down." (statements made by President Trump to Senate Minority Leader Charles Schumer.)

   (https://www.marketwatch.com/story/transcript-of-the-heated-exchange-between-trump-pelosi-and-schumer-2018-12-11Retrieved January 11, 2019)

25.     Given that the Chief of the Executive Branch has taken responsibility and the "mantle" for shutting down the government and given the state of current negotiations regarding resumed appropriations, there is evidence the denial of pay is willful and not the result of mere negligence or oversight.  Plaintiffs have already

received pay of $0.00 for the pay period running from December 23, 2018 to January 5, 2019. It is expected and substantially likely that further paychecks will be issued with a payment amount of $0.00. These paychecks of $0.00 are for pay periods in which Plaintiffs worked their full regular schedules, in addition to overtime.

26. All failures by Defendant the United States to pay wages earned on time will constitute per se violations of the Fair Labor Standards Act. Defendant's anticipated failure timely to pay overtime will further violate the Fair Labor Standards Act.

27. In 2017, this Court found the United States to be liable for liquidated damages under nearly identical circumstances. *See Martin v. United States*, 130 Fed. Claim 538 (2017). This Court found that the United States failed to ascertain its obligations under the Fair Labor Standards Act during the October 2013 government shutdown.

28. Upon information and belief, the United States has not taken steps to obtain the analysis or opinion that this court called for in *Martin*. No regulations have been proposed or issued to address the issue. The United States has been on notice of its obligations as articulated in *Martin v. United States* but has not taken any steps to fulfill those obligations.

29. Funds are available to pay these wages. Any money owing for wages earned by Plaintiffs may be paid from the Judgment Fund (31 U.S.C. § 1304). The

Judgment Fund is a permanently appropriated fund that exists for the purpose of paying judgments or settlements.

## COLLECTIVE ACTION ALLEGATIONS

30.    The representative Plaintiffs in this action all belong to the bargaining unit covered by the FISE.   The FISE bargaining unit includes hundreds of employees who have the same claim against the United States because they are essential employees who: (i) worked and earned wages in one or more pay period during the shutdown, and (ii) have not been, or anticipate that they will not be, paid timely for overtime and/or regular wages earned and due for payment during the shutdown.   The members of the proposed collective action, like the representative Plaintiffs, have received a pay stub reflecting 0.00 for the pay period ending January 5, 2019, even though they have worked their regular hours in addition to overtime.

31.    As discussed above, there is a substantial likelihood that the United States will continue not pay wages on time for one or more pay periods as a result of the shutdown.   Consequently, the representative Plaintiffs and all those similarly situated (i.e. the FISE bargaining unit employees who are "essential" or "excepted" who have worked and will work during the shut down and who will not be timely paid) will suffer the same legal harm, based on the same set of facts, and will seek the same set of remedies.

32.    All minimum wage and overtime wage amounts being claimed can be calculated using Defendant the United States' payroll data.   In like fashion, the

liquidated damages to which Plaintiffs are entitled can be readily calculated using the United States' payroll data.

33.    Aside from payroll calculations, virtually all other factual and legal issues are common to representative Plaintiffs and all those similarly situated.

34.    Because of the high number of FISE bargaining unit employees who are or will be affected by the shutdown and whose claims involve the same questions of law and fact, the most efficient way to adjudicate Plaintiffs' claims for unpaid wages and liquidated damages is through a collective action.  It is expected that the proposed collective action will comprise more than 400 individuals.  Their claims will be essentially indistinguishable except with reference to matters of determining hours and rates using the United States' payroll calculations.

35.    The FISE is the exclusively bargaining agent for all bargaining unit employees with respect to matters of employment.  Undersigned counsel has been authorized by the FISE to represent the bargaining unit employees of the FISE in this action. Additionally, the FISE has the capability of communicating efficiently with bargaining unit employees to provide all required notices of this collective action. Defendant the United States has similar capabilities of communicating with all members of the collective action using the employees' government-issued email address.  The Parties are therefore capable of efficiently and timely provided all notices necessary for the members of the collective action.

## COUNT I – FAILURE TO PAY OVERTIME WAGES

36.     Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

37.     The Fair Labor Standards Act requires the United States to pay wages at an overtime rate for all work done beyond certain applicable thresholds.

38.     Plaintiffs were required to work overtime on December 22, 2018 and during the subsequent pay periods during the shutdown.

39.     Defendant the United States failed to pay Plaintiffs overtime wages earned on December 22, 2018, on their regularly scheduled pay day.  Defendant the United States also failed to pay overtime wages for the overtime Plaintiffs worked in the pay period from December 23, 2018 to January 5, 2019.  Plaintiffs received paycheck stubs reflecting a payment of $0.00 for the pay period, even though Plaintiffs performed the work and earned the wages, including the overtime wages.

40.     There is also a substantial likelihood that Defendant the United States will continue to fail to pay Plaintiffs the overtime wages earned in future pay periods on regularly scheduled pay days because all public sources have indicated that Congress and the President are nowhere near an agreement on legislation to resume appropriations to the affected agencies.

41.     These failures to pay do and will constitute *per se* violations of the Fair Labor Standards Act and will entitle Plaintiffs to payment of all minimum wages and overtime earned.

42.     Upon information and belief, the United States has not performed any analysis regarding its obligations to pay overtime wages to essential employees during a shutdown, even though this Court has previously found the United States liable under essentially identical circumstances.   Nor have any regulations addressing the issue been proposed or promulgated.

43.     The Defendant the United States should be held liable for a penalty of liquidated damages under the Fair Labor Standards Act with respect to these failures to pay overtime wages on time because the United States has already been found liable in the past under identical circumstances in 2017.  The United States has been on notice regarding such liability and has failed to perform the required analysis of its obligations under the Fair Labor Standards Act.   Moreover, President Donald Trump has made multiple public statements in his capacity as Chief of the Executive Branch, taking responsibility for the shutdown.  Such willful and deliberate actions by the Chief Executive, which naturally have left Plaintiffs in the position of working regular and overtime without pay, to the detriment of their families and their personal finances, support a penalty of liquidated damages.

44.     The United States' violations of the Fair Labor Standards Act are willful or with reckless disregard for the requirements of the Fair Labor Standards Act.

45.     Plaintiffs are therefore entitled to monetary damages and liquidated damages.

## COUNT II – FAILURE TO PAY A MINIMUM WAGE TO COVERED EMPLOYEES

46.    Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

47.    The Fair Labor Standards Act mandates that all non-exempt workers be paid a minimum wage as determined by statute and by United States Department of Labor regulations, and that earned minimum wages be paid timely.

48.    Plaintiffs have been required to work and have earned wages during the shutdown.

49.    Plaintiffs have worked the entire pay period from December 23, 2018 to January 5, 2019 but received paycheck stubs reflecting $0.00 in pay.

50.    Plaintiffs continue to work their full-time schedules and overtime and anticipate that they will receive paychecks of $0.00 for the current and subsequent pay periods as well.

51.    Because of the ongoing nature of the government shutdown, which has now continued for twenty-four days, there is a substantial likelihood that essential workers who earned wages in one or more pay periods during the government shutdown will not be paid any wages on the date of their regularly scheduled paychecks.  There is no indication regarding when such wages will be paid, if at all.

52.     For each regularly scheduled payday which passes without payment of wages, the United States will have committed a per se violation of the Fair Labor Standards Act.  These violations will continue as long as the shutdown is in effect.

53.     As stated above, the public comments of Congressional leadership, President Donald J. Trump, and White House Staff, indicate that an end to the shutdown is not likely to be imminent.

54.     Because of the per se nature of the Fair Labor Standards Act violations at issue, and because the United States has been subject to identical liability in recent years, liquidated damages are warranted.

55.     Therefore, Plaintiffs are entitled to both monetary damages and liquidated damages.

**WHEREFORE**, Plaintiffs, on behalf of themselves and on behalf of those similarly situated, request that this Court enter Judgment against the United States as follows:

1.     Certifying this matter as a Fair Labor Standards Act Collective Action;

2.     Requiring the United States to make Plaintiffs and all members of the collective action whole by paying all minimum wages and overtime wages earned since December 22, 2018 and not paid on time pursuant to the Fair Labor Standards Act;

3.      Requiring the United States to pay liquidated damages to Plaintiffs and to all members of the collective action in the amount of all unpaid minimum wages and overtime wages earned since December 22, 2018 and not timely paid;

4.      Requiring the United States to award Plaintiffs and all members of the collective action costs and reasonable attorneys' fees; and

5.      Granting such other relief as this Court deems appropriate.

//
//
//
//
//
//
Dated this 14th day of January 2019.


                                    Respectfully submitted,

                        LAW OFFICES OF MARSHALL J. RAY , LLC


                                    /s/ Marshall J. Ray_____
                                    Marshall J. Ray
                                    Attorneys for Plaintiff
                                    201 12th Street NW
                                    Albuquerque, NM 87102
                                    (505) 312-7598

**CONSENT TO BECOME PARTY PLAINTIFF**

By my signature below, I represent to the Court that I have worked for the United States Federal Government and that during the government shutdown which began on December 22, 2018, I was deemed an essential employee and performed work for which I was not timely and/or accurately paid. I authorize the filing and prosecution of an action in my name and on my behalf, and on behalf of other similarly situated to recover unpaid wages, liquidated damages, interest, attorney fees, and all other relief provided under the Fair Labor Standards Act, and any other applicable laws or regulations.

Date: 1/11/2019

Signature

TONY L. ROWE
Printed Name

113 1ST AVENUE SOUTH
Home Street Address

FORT TOTTEN, NORTH DAKOTA 58335
City, State, Zip

Employment History:

BUREAU OF INDIAN AFFAIRS
Federal Agency

FORT TOTTEN AGENCY
Duty Assignment/Job Location

CORRECTIONAL OFFICER
Job Title

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I represent to the Court that I have worked for the United States Federal Government and that during the government shutdown which began on December 22, 2018, I was deemed an essential employee and performed work for which I was not timely and/or accurately paid. I authorize the filing and prosecution of an action in my name and on my behalf, and on behalf of other similarly situated to recover unpaid wages, liquidated damages, interest, attorney fees, and all other relief provided under the Fair Labor Standards Act, and any other applicable laws or regulations.

Date: 1/9/19

Signature

**Karletta Bahe**
Printed Name

**P.O. Box 2004**
Home Street Address

**Chinle Az 86503**
City, State, Zip

Employment History:

**DOJ-BIA**
Federal Agency

**Keams Canyon**
Duty Assignment/Job Location

**Lead corrections officer**
Job Title

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I represent to the Court that I have worked for the United States Federal Government and that during the government shutdown which began on December 22, 2018, I was deemed an essential employee and performed work for which I was not timely and/or accurately paid. I authorize the filing and prosecution of an action in my name and on my behalf, and on behalf of other similarly situated to recover unpaid wages, liquidated damages, interest, attorney fees, and all other relief provided under the Fair Labor Standards Act, and any other applicable laws or regulations.

Date: 1-10-19

Johnny Duran
Signature

Johnny Durant
Printed Name

P.O. Box 186
Home Street Address

Fort Totten ND 58335
City, State, Zip

Employment History:

Bureau of Indian Affairs
Federal Agency

Fort Totten Agency
Duty Assignment/Job Location

Police Officer
Job Title

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I represent to the Court that I have worked for the United States Federal Government and that during the government shutdown which began on December 22, 2018, I was deemed an essential employee and performed work for which I was not timely and/or accurately paid.  I authorize the filing and prosecution of an action in my name and on my behalf, and on behalf of other similarly situated to recover unpaid wages, liquidated damages, interest, attorney fees, and all other relief provided under the Fair Labor Standards Act, and any other applicable laws or regulations.

Date: 1-10-2019

Signature

Jesse A. McKay III
Printed Name

PO Box 546
Home Street Address

Fort Totten, ND 58335
City, State, Zip

Employment History:

Dept of Interior
Bureau of Indian Affairs
Office of Justice Service
Federal Agency

Fort Totten Agency
Fort Totten, ND 58335
Duty Assignment/Job Location

Correctional Officer
Job Title

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I represent to the Court that I have worked for the United States Federal Government and that during the government shutdown which began on December 22, 2018, I was deemed an essential employee and performed work for which I was not timely and/or accurately paid.  I authorize the filing and prosecution of an action in my name and on my behalf, and on behalf of other similarly situated to recover unpaid wages, liquidated damages, interest, attorney fees, and all other relief provided under the Fair Labor Standards Act, and any other applicable laws or regulations.

Date: 1/10/2019

George Lee Marra
Signature

George Demarce
Printed Name

Po Box 40 / 7390 Hwy 57
Home Street Address

Fort Totten, ND 58335
City, State, Zip

Employment History:

Bureau of Indian Affairs
Federal Agency

Lead Corrections / Fort Totten
Duty Assignment/Job Location

Lead Corrections
Job Title

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I represent to the Court that I have worked for the United States Federal Government and that during the government shutdown which began on December 22, 2018, I was deemed an essential employee and performed work for which I was not timely and/or accurately paid. I authorize the filing and prosecution of an action in my name and on my behalf, and on behalf of other similarly situated to recover unpaid wages, liquidated damages, interest, attorney fees, and all other relief provided under the Fair Labor Standards Act, and any other applicable laws or regulations.

Date:  _1-10-19_

_Jacquie DeMarce_
Signature

_Jacquie DeMarce_
Printed Name

_7390 Highway 57_
Home Street Address

_Fort Totten, ND  58335_
City, State, Zip

Employment History:

_DOI-BIA-OJS_
Federal Agency

_Fort Totten Agency_
Duty Assignment/Job Location

_Lead TID_
Job Title

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I represent to the Court that I have worked for the United States Federal Government and that during the government shutdown which began on December 22, 2018, I was deemed an essential employee and performed work for which I was not timely and/or accurately paid. I authorize the filing and prosecution of an action in my name and on my behalf, and on behalf of other similarly situated to recover unpaid wages, liquidated damages, interest, attorney fees, and all other relief provided under the Fair Labor Standards Act, and any other applicable laws or regulations.

Date: _01·14·2019_

_Alieu Jallow_
Signature

_ALIEU JALLOW_
Printed Name

_104 Shamrock Lane Se, A6_
Home Street Address

_Devils Lake, ND · 58301_
City, State, Zip

Employment History:

_BIA - Fort Totten Agency_
Federal Agency

_FORT TOTTEN_
Duty Assignment/Job Location

_CORRECTIONS OFFICER_
Job Title